CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

MAY 0 8 2019

JULIA C. DUDLEY, CLERK
BY: /s/ [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Case No. 6:19CR00013 |
| v. ) | |
| ) | In violation of: |
| QUENTIN LOWELL HORSLEY, and ) | |
| KENNETH BERNARD ADGERSON, JR. ) | 18 U.S.C. §§ 922(g), 924(c) |
| ) | 21 U.S.C. § 841(a)(1), (b)(1)(A), (b)(1)(B) & |
| ) | (b)(1)(C) |
| ) | 21 U.S.C. § 846 |
| ) | 21 U.S.C. § 853(a) & (p) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE
*Conspiracy to Distribute and Possess With Intent to Distribute Cocaine and Methamphetamine*

1.     Beginning in or about August 2017, and continuing to in or about February 2019, in the Western District of Virginia, the defendants, QUENTIN LOWELL HORSLEY and KENNETH BERNARD ADGERSON, JR., knowingly and intentionally combined, conspired, confederated, and agreed together and with each other, and with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to distribute and possess with intent to distribute controlled substances, to wit: 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers, a Schedule II controlled substance, and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

USAO# 2018R00724

2. All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(B), and 841(b)(1)(A).

The Grand Jury further charges that:

## COUNT TWO
*Distribution of Controlled Substances*

3. On or about November 6, 2018, in the Western District of Virginia, the defendant, KENNETH BERNARD ADGERSON, JR., knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

4. All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

The Grand Jury further charges that:

## COUNT THREE
*Distribution of Controlled Substances*

5. On or about November 16, 2018, in the Western District of Virginia, the defendant, KENNETH BERNARD ADGERSON, JR., knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

6. All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

The Grand Jury further charges that:

## COUNT FOUR
*Distribution of Controlled Substances*

7. On or about January 24, 2019, in the Western District of Virginia, the defendant, KENNETH BERNARD ADGERSON, JR., knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

8. All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

The Grand Jury further charges that:

## COUNT FIVE
### *Distribution of Controlled Substances*

9. On or about December 7, 2017, in the Western District of Virginia, the defendant, QUENTIN LOWELL HORSLEY, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

10. All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

The Grand Jury further charges that:

## COUNT SIX
### *Distribution of Controlled Substances*

11. On or about December 29, 2017, in the Western District of Virginia, the defendant, QUENTIN LOWELL HORSLEY, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

12. All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

The Grand Jury further charges that:

## COUNT SEVEN
### *Distribution of Controlled Substances*

13. On or about July 25, 2018, in the Western District of Virginia, the defendant, QUENTIN LOWELL HORSLEY, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

14. All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

The Grand Jury further charges that:

## COUNT EIGHT
### *Distribution of Controlled Substances*

15. On or about November 1, 2018, in the Western District of Virginia, the defendant, QUENTIN LOWELL HORSLEY, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

16. All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

The Grand Jury further charges that:

## COUNT NINE
### *Possession of a Firearm by a Convicted Felon*

17. On or about February 11, 2019, in the Western District of Virginia, the defendant, KENNETH BERNARD ADGERSON, JR., having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess a firearm, that is, a Haskell, Model JHP, .45-caliber pistol, said firearm having been shipped and transported in interstate commerce.

18. In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges that:

## COUNT TEN
### *Possession of a Firearm in Furtherance of Drug Trafficking*

19. On or about February 11, 2019, in the Western District of Virginia, the defendant, KENNETH BERNARD ADGERSON, JR., did knowingly possess a firearm, that is an Anderson, Model AM-15 rifle, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent

to distribute controlled substances, in violation of Title 21, Untied States Code Sections 846 and 841(a)(1).

20. In violation of Title 18, United States Code, Section 924(c)(1)(A).

## **FORFEITURE ALLEGATION**

21. Upon conviction of the offenses alleged in Counts One through Eight, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense. This includes, but is not limited to, the following specific property:

   a. $75,798.00 in United States currency seized from 614 Euclid Avenue, Apartment A, Lynchburg, VA 24501 on or about February 11, 2019;

   b. A 2011 Jaguar XF, VIN: SAJWA0GB5BLR82819, registered to N.T.H.;

   c. A 2012 Nissan Maxima, VIN: 1N4AA5AP1CC818713, registered to Quentin Lowell Horsley;

   d. Assorted jewelry, including a 35-inch 14-karat white gold link necklace, a 14-karat white gold cross pendant containing diamonds, a 10-karat yellow pendant containing diamonds, a 10-karat yellow gold bracelet containing diamonds, a 10-karat yellow/rhodium plated gold link necklace containing diamonds, and a 10-karat yellow/rhodium plated bracelet containing diamonds, seized from the trunk of a 2011 Jaguar XF registered to N.T.H.;

   e. $20,000.00 in United States Currency seized from the trunk of a 2011 Jaguar XF registered to N.T.H.;

USAO# 2018R00724
5
Case 6:19-cr-00013-NKM-JCH   Document 1   Filed 05/08/19   Page 5 of 7   Pageid#: 5

  f.   $3,522.00 in United States Currency seized from a hotel room rented by Quentin Lowell Horsley;

22.   The United States will seek a forfeiture money judgment against the defendants in the amount equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of this offense.

23.   Upon conviction of the offense alleged in Count Nine, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to a Haskell, Model JHP, .45-caliber pistol with serial number X4257983 and ammunition.

24.   Upon conviction of the offense alleged in Count Ten, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to an Anderson, Model AM-15 rifle with serial number 18112771 and ammunition.

25.   If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

  a.   cannot be located upon the exercise of due diligence;

  b.   has been transferred or sold to, or deposited with, a third party;

  c.   has been placed beyond the jurisdiction of the Court;

  d.   has been substantially diminished in value; or

  e.   has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

26. Criminal Forfeiture, pursuant to Title 21, United States Code, Sections 853(a) and (p).

A TRUE BILL, this __8__ day of May 2019.

/s/FOREPERSON
FOREPERSON

THOMAS T. CULLEN
UNITED STATES ATTORNEY